J. S08022/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                           v.               :
                                             :
CLINTON REED KUHLMAN,         :         No. 753 WDA 2016
                                           :
                   Appellant     :

Appeal from the Judgment of Sentence, February 25, 2016,
in the Court of Common Pleas of Beaver County
Criminal Division at No. CP-04-CR-0001026-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 17, 2017**

Clinton Reed Kuhlman appeals the judgment of sentence in which the

Court of Common Pleas of Beaver County sentenced him to serve an

aggregate sentence of one year less one day to two years less one day of

imprisonment in the Beaver County Jail plus fifteen years' probation for

five counts of distribution of child pornography, ten counts of possession of

child pornography, and one count of criminal use of a communications

facility.[1]

The pertinent facts and testimony, as recounted by the trial court, are

as follows:

> Dwayne Tabak is employed as a Special Agent
> with the Pennsylvania Office of Attorney General with
> the child predator section.  He testified as follows:

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), and 7512(a), respectively.

On March 18, 2014 Agent Tabak received a referral from a detective in the Allegheny County District Attorney's Office regarding an internet child pornography investigation; the case was referred because the target of the investigation resided outside of Allegheny County. The information received from Allegheny County included a report from the National Center for Missing and Exploited Children, which identified an IP Address that was used to upload images of child pornography to a website named "Tinypic" on January 11 and 12, 2014. The detective from Allegheny County had determined that the specified IP Address was owned by the internet service provider Comcast and then obtained a Court Order requiring Comcast to provide information as to the subscriber to whom the IP Address was assigned; Comcast identified [appellant] as the subscriber. Agent Tabak made efforts to learn the identities of all persons residing at [appellant's] address and then obtained a search warrant, which was executed on May 28, 2014.

When the search warrant was executed [appellant], his mother and his father were present at the residence. Agent Tabak provided [appellant] a form titled "Advice of Rights and Waiver of Rights", setting forth [appellant's] rights under ***Miranda*** [***v. Arizona***, 384 U.S. 436 (1966)], which [appellant] reviewed and signed. Agent Tabak then spoke with [appellant], who acknowledged that he lived in the residence with his parents and he subscribed to Comcast as an internet service provider. [Appellant] further acknowledged that he owned and was the sole user of the computer located in the basement and that he used a "Yahoo" account named "clintster_38".

As Agent Tabak was speaking with [appellant,] other law enforcement personnel were conducting a preliminary review of the computers in the home and found child pornography in the computer [appellant] admitted belonged to him; these officers retrieved thirty (30) photographs from the computer, including

certain images that had been posted to "Tinypic" from [appellant's] IP Address. [Appellant] was then arrested and transported to the Rochester Police Station. At the police station [appellant] was shown the pictures uploaded to "Tinypic" from his IP Address and he acknowledged that he had previously viewed such photographs on his computer.

Agent Tabak testified that sixteen (16) images of child pornography had been posted to "Tinypic" from [appellant's] IP Address and he decided to charge [appellant] with five (5) counts of Distribution of Child Pornography; he further testified that of the thirty (30) images of child pornography he had been provided from [appellant's] computer during the initial forensic review, he decided to charge [appellant] with ten (10) counts of Possession of Child Pornography.

Timothy Haney is employed by the Pennsylvania Office of Attorney General as a Special Agent and Computer Forensic Examiner. He testified as follows:

Agent Haney assisted in the execution of the search warrant at [appellant's] residence on May 28, 2014. On this date he performed a preliminary investigation of a desktop computer and internal hard drive and created a "Preview Report". During his examination of the hard drive he discovered more than 250 images of child pornography; all of the files were found in a photo sharing folder associated with "Yahoo" accounts with the profile names "clintster_38" and "cool_3822". During his examination of the desktop computer he again found more than 250 images of child pornography in a photo sharing folder associated with the same "Yahoo" accounts. Agent Haney explained that these images existing in the "Yahoo" photo sharing folder indicated that such images had been shared (sent or received) in a "Yahoo Messenger" chat.

John O'Brien is employed as a Supervisory Special Agent with the Pennsylvania Office of Attorney General, Bureau of Special Investigations, Computer Forensics Unit. He testified as follows:

Agent O'Brien examined four devices related to this case, an internal hard drive from a computer, a thumb driver (or USB drive), a desktop computer system and an [sic] USB connected external hard drive. He determined that three of the devices, the internal hard drive, the desktop computer and the USB external hard drive, had accessed the internet, or were connected to a system that had accessed the internet, via the previously specified IP Address (assigned to [appellant] by Comcast) over one thousand times. Agent O'Brien discovered over 300 files containing child pornography on the internal hard drive; he discovered 236 images of child pornography in a "Yahoo" photo sharing folder. He discovered that the hard drive contained a program named "ARIES[,"] which provided access to a network providing users the ability to search for and download files; review of this program's download history indicated that over 1,400 files had been downloaded with file names that were indicative of child pornography. Agent O'Brien further discovered that the hard drive's internet search history revealed searches made through "Yahoo" for "nude preteen girls" and numerous similar terms. He also discovered transcripts of chats made through a "Yahoo" program; these chats involved conversations between "cool_3822" and various other users regarding explicit sexual activity with children. These transcripts also indicated that the user "cool_3822" had shared child pornography with other chat participants.

Agent O'Brien found similar evidence on the desktop computer he examined. The "user profile" of the Windows operating system installed on the desktop computer was named "Clint" and the operating system was registered to "Clint Kuhlman". Also the "desktop" of the Windows operating system (*i.e.*, the screen shown when a user accesses the

computer) contained a folder named "New NN", which contained 91 images of child pornography.

[Appellant] acknowledge[d] participating in chats with the Yahoo username "cool_3822" and that certain chats included the topic of sexual relations with children. [Appellant] denied ever intentionally or knowingly viewing or distributing child pornography and further averred that his statements to Agent Tabak were coerced by Agent Tabak's threat to have [appellant's] nieces tested for sexual assault, allegations which Agent Tabak denied. The Court observes that [appellant] and his Counsel stipulated that photographs pertaining to offenses charged in Counts 1 through 15 were child pornography.

Trial court opinion, 6/16/16 at 2-7 (footnotes omitted).

Following trial, a jury convicted appellant of the charges for which he was sentenced. Appellant filed post-sentence motions that the trial court denied on April 22, 2016. Appellant timely appealed to this court. On May 20, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant complied on June 8, 2016.

Appellant contends that his convictions should be reversed because the verdict was against the weight of the evidence presented.

[T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock

> one's sense of justice.  Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict.  ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant argues that the trial court abused its discretion when it determined that the verdicts were not against the weight of the evidence in light of appellant's testimony that he was the owner of the computer and the Yahoo usernames, but that he had not knowingly or intentionally requested or shared any files regarding child pornography.  While appellant admits that he engaged in chatrooms where discussions of child pornography took place, he asserts that he just received photos and/or videos from other members of the chatroom and clicked on them inadvertently.  Further, Agent Timothy Haney stated that files of child pornography were present in the Yahoo photo sharing folder but could not say that the files were intentionally distributed to other users.

The child pornography offenses for which appellant was convicted are set forth as follows:

> **(c)** **Dissemination of photographs, videotapes, computer depictions and films.--**Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.
>
> **(d)** **Child pornography.--**Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense

18 Pa.C.S.A. § 6312(c-d).

With respect to this weight claim, the trial court reasoned:

> The Commonwealth presented overwhelming evidence, as set forth above, that the computer and related electronic devices located in [appellant's] bedroom were used to possess and distribute child pornography. Further, a substantial amount of circumstantial evidence (including, but not limited to, the computer's location in the home, the fact that the only other residents of the home were [appellant's] elderly parents, and [appellant's] admissions that he was the sole user of the computer and that he engaged in internet chats regarding the sexual abuse of children) proved that [appellant] was the individual operating the computer to possess and distribute child pornography and that he knowingly did so. . . . The jury, acting as the fact-finder, was free to disbelieve

[appellant's] self-serving testimony that he did not knowingly possess or distribute child pornography.

Trial court opinion, 6/16/16 at 10-11.

Here, appellant admitted that he was the owner and sole user of the computer at his residence. (Notes of testimony, 11/10/15 at 117-118.) The National Center for Missing and Exploited Children identified an Internet Protocol Address that had been used to upload child pornography images to a website known as Tinypic on January 11-12, 2014. (*Id.* at 91-93.) Comcast identified appellant as the person to whom the Internet Protocol Address was assigned. (*Id.* at 93-96.) Law enforcement personnel located child pornography on the computer including some images that were posted to Tinypic from appellant's computer. Appellant admitted viewing these images on his computer. (*Id.* at 117-121.) Further, Special Agent John O'Brien of the Pennsylvania Office of Attorney General, Bureau of Special Investigation Computer Forensics Unit examined appellant's computer's hard drive, a thumb drive device, a desktop computer system, and a USB connected external hard drive in connection with the case. (Notes of testimony, 11/12/15 at 21.) His examination revealed evidence of the possession of child pornography as well as searches for pornographic subjects and chat transcripts which indicated that appellant had shared child pornography with other chat participants. (*Id.* at 23-35.) Appellant denied that he possessed or disseminated child pornography. (*Id.* at 68-71.) The jury, as fact-finder, apparently credited the Commonwealth's testimony.

*See Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa.Super. 2014) (the jury as finder-of-fact determines the credibility of witnesses and weight of evidence produced is free to accept all, part, or none of the evidence).

Appellant essentially asks this court to reweigh the evidence and assess the credibility of the witnesses presented at trial. That task is beyond this court's scope of review. *See Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015). The jury is the factfinder and found that the credible evidence identified appellant as the possessor and distributor of child pornography. That verdict is not so contrary to the evidence as to shock the conscience. Based on the record before this court, we do not find that the trial court abused its discretion when it declined to grant appellant's post-trial motion concerning the weight of the evidence.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017

- 9 -